United States Court of Appeals

Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40626
Summary Calendar

ANDRES CAMPILLO,

Plaintiff-Appellant,

versus

UNITED STATES PENITENTIARY BEAUMONT TEXAS;
ERNEST CHANDLER, Warden; UNIDENTIFIED PARTY, John Doe 1-10;
MEDICAL STAFF,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:03-CV-262)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Andres Campillo, federal prisoner # 43410-004, appeals the district court's grant of summary judgment in favor of defendant Ernest Chandler on Campillo's civil rights claims, dismissal of his civil rights[1] claims against the unnamed defendants, and dismissal of his claim brought under the Federal Torts Claims Act (FTCA). As Campillo did not object to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Campillo's two civil rights claims were brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

magistrate judge's report, our review is limited to plain error. See <u>Highlands Ins. Co. v. National Union Fire Ins. Co.</u>, 27 F.3d 1027, 1032 (5th Cir. 1994).

Campillo's two <u>Bivens</u> claims were brought against Chandler and the unnamed defendants. The district court dismissed the claims against the unnamed defendants for lack of service. Campillo has not briefed any error with respect to this issue; it is therefore abandoned. See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Campillo asserts that the district court erred when it granted summary in favor of Chandler on the two <u>Bivens</u> claims, arguing that Chandler implemented policies that were the moving force behind the violation of his civil rights. The district court did not plainly err in granting summary judgment for Chandler on Campillo's claim against him in his official capacity. <u>Bivens</u> actions may be brought against defendants acting in their individual capacities only. <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999). Neither did the district court err in granting summary judgment against Campillo on his claim against Chandler in his individual capacity. Campillo did not demonstrate with the requisite specificity that Chandler implemented "a policy that is 'itself[] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.'" See <u>Oliver v.</u>

Scott, 276 F.3d 736, 742 (5th Cir. 2002); see also Anderson v. Pasadena Indep. School Dist., 184 F.3d 439, 443 (5th Cir. 1999).

Campillo also contends that the district court erred when it dismissed his FTCA claim for lack of subject matter jurisdiction. Relying on United States v. Muniz, 374 U.S. 150 (1963), Campillo argues that the discretionary function exception does not apply to his case because the defendants were negligent in protecting him from attack by other prisoners, in contravention of their duty under 18 U.S.C. § 4042. We agree with the other circuits that have held that neither § 4042's mandate to protect prisoners nor the prohibition against cruel and unusual punishment defines a non-discretionary course of action specific enough to render the discretionary function exception inapplicable. See Montez ex rel. Estate of Hearlson v. United States, 359 F.3d 392, 396 (6th Cir. 2004); Santana-Rosa v. United States, 335 F.3d 39, 41-45 (1st Cir. 2003); Cohen v. United States, 151 F.3d 1338, 1342-43 (11th Cir. 1998); Calderon v. United States, 123 F.3d 947, 950 (7th Cir. 1997). Campillo has pointed to no rule or regulation showing that the prison guards or medical staff lacked discretion in handling prisoner-on-prisoner attacks or medical treatment of prisoners.

AFFIRMED.